**B. A. CASSADY, as Sheriff of Lake County, Florida, and FLORIDA INDUSTRIAL COMMISSION, a duly authorized State Agency v. HIATT & LEE, a corporation.**

8 So. (2nd) 661                    Special Division A
June 12, 1942

722

Burnis T. Coleman, John P. Mack, and S. Sherman Weiss, for appellants.

John S. Lavin, Counts Johnson, C. E. Duncan and Henry L. Pringle, for appellee.

ADAMS, J.:

This is an appeal from a final decree enjoining the collection of unemployment contributions for the years 1939-40 under the Florida Unemployment Compensation Law.

The decree was entered on an agreed statement of facts substantially as follows: Appellee was engaged in a business which might be termed grove management; it contracted with grove owners to cultivate and maintain citrus groves; to fulfill its contracts it employed laborers.

The only question is whether: "the term 'Agricultural Labor,' as the same is used in the Florida

Unemployment Compensation Law prior to July 1, 1941, include the services of the employees of the appellee, who are engaged in performing services in connection with the cultivation of soil and production of crops on groves not owned or leased by their employer?"

"Agricultural Labor" is expected from the law. Chapter 18402, General Laws 1937 and Chapter 19637, General Laws 1939.

It has recently been held that services: "rendered in cultivating crops of fruit for others were rendered on a farm in connection with the cultivation of the soil, and were under Art. 206 (a) agricultural labor, although the owner of the crops did not directly hire the laborers, but dealt with the Company, which in turn put the laborers to work. The labor was ·done in cultivating the soil, the literal etymological meaning of agriculture. The Company was entitled to recover back the taxes assessed with reference to these wages." Chester C. Fosgate Co. v. United States, 125 F. 2d 775.

The Unemployment Compensation Law, supra, was enacted for the benefit of laborers by removing the hazard of involuntary unemployment. It applies to all laborers not exempted.

It is the character of labor performed by the employee that must determine its application rather than the character of the employer's business. See also State ex rel. Bykle v. District Court of Watonwan County, et al., 140 Minn. 398, 168 N.W. 130, L.R.A. 1918 F, 198; Sylcord v. Horn, 179 Iowa 936, 162 N.W. 249.

The decree is affirmed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, and CHAPMAN, JJ., concur.

THOMAS, J., agrees to conclusion.