CAMPBELL D. TISON v. J. H. HYER, HARVEY HENDERSON and FLORIDA INDUSTRIAL COMMISSION.

16 So. (2nd) 437      June Term, 1943
August 3, 1943      En Banc
Rehearing Granted September 28, 1943

*Robert E. Willis,* for appellant.

*Ernest C. Wimberly* and *Walter E. Rountree,* for appellees.

THOMAS, J.:

The appellant was injured while he was pruning an orange tree and he claimed compensation under "Workmen's Compensation Law." F.S.A. Sec. 440.01 et seq. The deputy commissioner ruled in his favor, reciting in the order that "The sole contention of the employers was [that] this man was an independent contractor and not an employee." When the matter reached the Florida Industrial Commission that body adopted the view that recovery was unwarranted because fruit growing was a form of agriculture and as "agricultural farm labor" was excepted from the operation of the act the Commission was "entirely without jurisdiction to consider [the] claim. . . ."

The circuit court then entertained the controversy on appeal and entered a judgment of affirmance. It was the judge's opinion that he had to decide the sole question whether the claimant was an agricultural farm laborer, hence precluded from an award because of the provisions of Sec. 2, Chapter 20,672, Laws of Florida, Acts of 1941, F.S.A. Sec. 440.02, and he concluded that a construction of this act, another amendatory one, and the original law, all of which we will analyze, and the application of a decision of this Court lead inevitably to the conclusion of the Commission.

Inasmuch as the decisions of both the commission and the circuit court dealt only with the proposition whether laborers in citrus groves were, for the purposes of the law, engaged in

agriculture, therefore without the scope of the compensation plan, we will likewise confine our observations. We may say here that we think the answer should be found in a search for the legislative intent as revealed by the acts themselves without exploring the general law on the subject.

Chapter 20,672, *supra,* was enacted to amend certain parts including Sec. 2, of Chapter 17,481, Laws of Florida, Acts of 1935 as amended by Chapter 18,413, Laws of Florida, Acts of 1937. The only portions with which we are presently concerned are the exceptions included in the definition of "employment" as comprehended in the general plan. We find that in Chapter 17,481 there were excluded from the term "employment" various kinds of work, among them "agricultural *and horticultural* farm labor." (Italics supplied.) Then, by Chapter 18,416 certain amendments were made but there was retained the identical phrase excepting from operation of the law "agricultural and horticultural farm labor." The latest act, also amendatory of Sec. 2, excepted "agricultural farm labor" eliminating the words "and horticulture." The construction seems to us clear that in using the term we first quoted the legislature recognized a distinction between horticulture and agriculture and clearly intended that workers in both fields should not have the benefits of the provisions of the Workmen's Compensation Law. It is equally plain that when at two sessions the Legislature expressly excepted both classes and at a subsequent session passed an amendment eliminating one they had a definite purpose by so doing, to include rather than exclude it.

It is apparent that we have the choice of interpreting their action two ways: one, as striking the reference to horticulture because activities thus classified may be embraced in the sphere of agriculture; two, as deliberately narrowing the exception so that workers in horticulture would profit by the act, although formerly deprived of its benefits. We think the latter is the more reasonable and the more logical construction. We have referred to a decision cited by the trial judge. In it, Cassady v. Hiatt & Lee, 150 Fla. 721, 8 So. (2nd) 661, the only question was the effect of "Florida Unemployment Compensation Law" on horticultural labor *prior to 1 July 1941.*

Not only was the court considering an entirely different act, dealing with unemployment compensation, but the date we have given was the one on which Chapter 20,672, *supra,* became effective. Obviously this case is of no assistance in determining the present litigation.

It is our conviction that the judgment of the circuit court should be, and it is,

Reversed.

BUFORD, C. J., BROWN, CHAPMAN and SEBRING, JJ., concur.

TERRELL and ADAMS, JJ., dissent.

### ON PETITION FOR REHEARING

TERRELL, J.:

Appellant was injured while engaged in the business of pruning citrus trees and claimed compensation under Workman's Compensation Law. The Florida Industrial Commission rejected his claim on the ground that he was engaged in "agricultural farm labor" and that such labor was excepted from the provisions of the Workman's Compensation Act. The Circuit Court affirmed and this appeal was prosecuted.

The correctness of the Industrial Commission's ruling is the only question with which we are concerned.

The answer to the question is gleaned from the interpretation of the pertinent provisions, primarily Section 2, of Chapter 17481, Acts of 1935, as amended by Chapter 18413, Acts of 1937, as amended by Chapter 20672, Acts of 1941. On first consideration a majority of the court correctly approved the rule that the answer to this question should be found in the legislative intent as revealed by these acts. On rehearing new and additional factors have been brought to the attention of the court which we did not have advantage of on first consideration and on the basis of these factors, a majority of the court have reached a different conclusion from that first reached.

As first enacted Chapters 17481 and 18413 excepted "agricultural and horticultural farm labor" from its provisions but Chapter 20672 omitted the words "and horticultural" leaving the phrase to read "agricultural farm labor." So

the question is, can pruning citrus trees be comprehended in the phrase "agricultural farm labor"?

The mere fact that the words "and horticultural" were omitted from the 1941 act, with nothing more, does not show intent to bring a large class of workers under the Workmen's Compensation Act which is admitted were not otherwise included. Many courts have construed agricultural labor, farm labor, or words of similar import to embrace work done on the grove or orchard. Especially would such an interpretation be proper in this State where most of the groves are owned and cultivated in connection with the farm and each is a part of the other. It was shown on argument of the petition for rehearing that in eliminating the words "and horticultural" from the 1941 act, there was no purpose to bring grove workers under Workman's Compensation but that a mere matter of redundancy was being avoided.

It is therefore our conclusion on rehearing that in omitting the words "and horticultural" from the 1941 Act, the Legislature merely intended to embrace all such activities under the head of "agricultural labor" so our former judgment is receded from and the judgment appealed from is affirmed.

Affirmed on rehearing.

BUFORD, C. J., BROWN, CHAPMAN and ADAMS, JJ., concur.

THOMAS and SEBRING, JJ., dissent.