DREW, Justice.
The judge of Industrial Claims in this Workmen’s Compensation case found that at the time of the accident claimant was an employee within the meaning and intent of Section 440.02(2) (a), Florida Statutes 1967, F.S.A.,[1] and is eligible for benefits under the Act. The focal point here is the decision of the Full Commission that claimant was an agricultural laborer exempted from coverage of the Act by Section 440.-02(1) (c) 3 of the Act.[2]
At the time of the accident, claimant was a 50-year old Puerto Rican whom the employer had hired on a seasonal basis 18 years earlier to pick tomatoes, strawberries, and other crops. Twelve years prior to the accident claimant had. been advanced to the position of field foreman, a position which he continued to hold until the accident. As field foreman, claimant was responsible for transporting a 30-man Puerto Rican crew to the fields in the employer’s bus, supervising and directing the crew’s field efforts and maintaining time records on each crew member. Unlike the laborers actually picking the crops, field foremen, including claimant, participated in a bonus at the end of each year and were paid a straight salary re-regardless of the number of hours worked.
Claimant was injured when the bus he was driving collided with a train while the crew was being transported from the fields to the labor camp. Although claimant, as well as other foremen with chauffeurs’ licenses, sometimes personally drove the buses used to transport their crews to the fields, driving was not a required duty of field foremen. Properly licensed crew members were designated as drivers and paid an additional hourly wage for serving in such capacity. Field foremen received no extra compensation for driving a bus, whether they drove by choice or because the regular driver was absent.
Agricultural labor has been exempted by the Florida Workmen’s Compensation Act since its enactment in 1935. In the 1920s and 1930s, farm laborers were excluded, either expressly or impliedly, from coverage under Workmen’s Compensation Acts in all but two jurisdictions where such laws were in force.[3] Today, the widespread farm labor exemption has been somewhat narrowed, but even now only twelve states and Puerto Rico have *234 substantial coverage for farm or agricultural labor.[4]
Many reasons for continuing this exemption have been advanced, such as the political strength of the farmers; the fact that the farmer cannot, like the manufacturer, add his compensation cost to the price of his product and pass it on to the consumer; the absence of any need to cover agricultural workers; and the practical and administrative difficulty that would be encountered by the countless number of small farmers handling the necessary insurance records and accounting.[5]
The wisdom of the initial agricultural labor exclusion and its continuance to the present is for the Legislature, not this Court, to question. However, for our guidance in construing the exemption definition as it now reads in the Florida Act — “agricultural labor performed on a farm in the employ of a bona fide farmer or association of farmers” — we are constrained to scrutinize the exemption’s legislative history and examine whatever valid reasons continue to support it.
We have already had occasion to undertake the first of these tasks through our opinion in Thomas Smith Farms, Inc. v. Alday,[6] in which we traced the complete legislative history of the agricultural exemption section through enactment of the latest amendment in 1957. An examination of this history evidences an intention on the Legislature’s part to strictly confine and limit the scope of the agricultural exclusion. For example, it is noted that the 1941 Legislature amended the definition of “agricultural labor” in the Untmployment Compensation Law by expanding the term through use of such phrases as “in connection with” and “as an incident to” farming or agricultural pursuits. The Alday opinion continues :[7]
“If this same Legislature had intended to extent [sic] the term ‘agricultural labor’ as used in the Workmen’s Compensation Law in the same manner it would have been a simple matter for it to use the same definition it placed in the Unemployment Compensation Law.”
* * * * * *
" ‘We point out in conclusion that it never was the intent of the agricultural labor exclusion under the Florida Workmen’s Compensation Law to exempt farmers as a class or agriculture as an industry, but merely to exempt the kind of work or labor particularly associated with ordinary farming operations performed on a farm, such as plowing, harrowing, planting, fertilizing, cultivating, harvesting, preparation of farm products for market (e. g., washing and packing,) feeding livestock, milking cows, bottling milk, repairing fences, and the like. We note that the 1957 Legislature further restricted this exemption by limiting it to such services where performed in the employ of a bona fide farmer or association of farmers.’ ”
In addition to recognizing an historical legislative intent to closely restrict the agricultural labor exclusion, we note that what is perhaps the strongest rationale for continuing the exclusion — the administrative difficulty of applying the Act to thousands of small farmers — is becoming less and less a problem with the advent of virtual industrialization of many agricultural activities. Certainly the as *235 sertion that farm laborers do not need protection of the Act is not convincing when we find that in 1964 more fatal injuries were suffered by agricultural workers than by manufacturing employees, although there were three times more manufacturing employees than agricultural laborers.[8]
For the reasons expressed herein, when determining whether a workmen’s compensation claimant is within the agricultural labor exclusion of the Act, any doubt as to claimant’s status in a “grey” or borderline case will be resolved in favor of compensation coverage and against exclusion as an agricultural laborer.
In the case of Cassady, Sheriff v. Hiatt & Lee,[9] we established the principle that “[i]t is the character of labor performed by the employee that must determine its [the agricultural labor exemption] application rather than the character of employer’s business.” The employer herein was obviously engaged in large-scale truck farming operations. Unlike members of his field crew, however, claimant himself did not engage in the actual physical act of planting, cultivating, harvesting or picking. Claimant had been assigned the general responsibility for the crew’s activities from the time it left for the fields until its return to camp at the end of each working day. The character of his labor was administrative rather than agricultural.
The Judge of Industrial Claims was correct in finding that claimant was not engaged in “agricultural labor” within the meaning and intent of Section 440.02 (1) (c) 3, and is not excluded from the benefits of the Workmen’s Compensation Act. The Full Commission erred when it found otherwise.
The Compensation Order of the Full Commission is quashed with instructions to reinstate the Order of the Judge of Industrial Claims.
It is so ordered.
ERVIN, C. J., ADKINS and BOYD, JJ., concur.
RAWLS, District Court Judge, dissents with opinion.

. “ ‘Employee’ means every person engaged in any employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written, including aliens, and also including minors whether lawfully or unlawfully employed.” Pla.Stat. § 440.02(2) (a) (1967), F.S.A.

. “When used in this chapter, unless the context clearly requires otherwise—
“(c) The term ‘employment’ shall not include service performed by or as:
sfc si* sjc sj: sfe
3.Agricultural labor performed on a farm in the employ of a bona fide farmer or association of farmers. The term ‘farm’ includes stock, dairy, poultry, fruit, fur-bearing animals and truck farms, ranches, nurseries and orchards.”
Fla.Stat. § 440.02(1) (c) 3, F.S.A.

. 2 Schneider, Workmen’s Compensation Law 141 (1922).

. A. Larson, The Law of Workmen’s Compensation, § 53.10 (1967). For a collection of decisions in which various agricultural exemptions have been construed, see the following annotations: 140 A.L.R. 399 (1942) ; 107 A.L.R. 977 (1937) ; 43 A.L.R. 954 (1926) ; 35 A.L.R. 208 (1925) ; 7 A.L.R. 1296 (1920).

. A. Larson, The Law of Workmen’s Compensation, § 53.20 (1967). Note, 12 Tennessee Law Review 142 (1934).

. 182 So.2d 405 (Fla.1966).

. Thomas Smith Farms, Inc. v. Alday, 182 So.2d 405, 410, 411 (Fla.1966).

. A. Larson, supra note 4, § 53.20.

. 150 Fla. 721, 8 So.2d 661 (1942). See, generally, Huebner v. Farmers Cooperative Ass’n of Holland, 167 N.W.2d 369 (Minn.1969).