**Linzie D. HARRAH, Appellee,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Appellant.**

**No. 71–1155.**

United States Court of Appeals, Fourth Circuit.

Argued June 11, 1971.

Decided July 2, 1971.

Michael H. Stein, Atty., Dept. of Justice (L. Patrick Gray, III, Asst. Atty. Gen., Kathryn H. Baldwin and Thomas

1

J. Press, Attys., Dept. of Justice, on brief), for appellant.

James H. Coleman, Charleston, W. Va. (Coleman & Lantz, Charleston, W. Va., on brief), for appellee.

Before BRYAN, WINTER and RUSSELL, Circuit Judges.

WINTER, Circuit Judge:

The Secretary appeals from the district court's holding that the unappealed administrative denial of claimant's four previous applications for social security disability benefits was not *res judicata* of a substantially identical fifth application. We reverse and direct that the Secretary's motion for summary judgment be granted.

 The doctrine of administrative *res judicata* is firmly established as the law of this circuit even though the prior administrative determination adverse to the claimant was not put to the scrutiny of judicial review. Leviner v. Richardson, 443 F.2d 1338 (1971), and authorities collected therein. The only exceptions to application of the principle are where there is manifest error in the record of the prior administrative proceeding (Grose v. Cohen, 406 F.2d 823 (4 Cir. 1969); Easley v. Finch, 431 F. 2d 1351 (4 Cir. 1970)), or where, in support of a new application, new and material evidence is offered which is of sufficient weight that it may result in a different determination (Leviner v. Richardson, *supra*).

In this case the claimant filed applications with the Secretary in 1956, 1959, 1961, 1965 and 1967. In each he claimed disability from silicosis and arthritis. In his second and subsequent applications he also claimed disabling heart disease. Claimant requested and was granted a hearing with respect to his second application. It was established that claimant's insured status expired on June 30, 1958. While he was found to have had some silicosis and some arthritis prior to June 30, 1958, these were found not to have been so severe as to preclude him from performing substantial gainful activity prior to the expiration of his insured status. His disabling heart disease did not ensue until July 4, 1959, when he suffered a serious heart attack, but that was after his insured status had expired.

 Our examination of the administrative record of the prior applications show that while there was some evidence to support claimant's applications, there was also substantial evidence to deny them. Therefore, it cannot be said that there was manifest error in the record of the prior administrative proceedings. No new and material evidence was proffered in support of the last application for which review was sought.

Reversed and remanded.