379 So.2d 1325 (1980)
Arthur Davis MILES, Appellant,
v.
MONTREAL BASEBALL CLUB and Commercial Union Assurance Companies, Appellees.
No. QQ-213.
District Court of Appeal of Florida, First District.
February 18, 1980.
Janet W. Freeman of Cone, Owen, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellant.
Harry D. Robinson, West Palm Beach, for appellees.
PER CURIAM.
Appellant, a professional baseball player in the Montreal Expos' organization, was assigned in 1977 to the Expos' West Palm Beach farm club. He had signed a standard player contract requiring him, among other things, to cooperate with and participate in the club's promotional activities. In August 1977, team members were told a party would be held and the sports media would attend for interviews and pictures. There is competent, substantial evidence to support the judge of industrial claims' finding that Manager Felipe Alou's announcement *1326 of the press party constituted a directive that the players be there. Appellant went to the party but was not interviewed. He and several other players spent part of the time diving into the Intercoastal Waterway; during one such dive, he hit bottom and suffered paralysis as well as other injuries. The judge of industrial claims found that appellant was injured in an accident arising out of and in the course of his employment but denied benefits because § 440.02(1)(c)3, Florida Statutes (1977), excludes professional athletes from workers' compensation coverage.
We need not consider appellant's argument that the statutory exclusion of professional athletes violates equal protection, because there is another ground for reversal of the judge of industrial claims' order. We find coverage in this case by analogizing its facts to those of a line of Florida cases dealing with the exemption, contained in § 440.02(1)(c)2, Florida Statutes (1977), of agricultural laborers.
In Miranda v. Southern Farm Bureau Casualty Insurance Company, 229 So.2d 232, 235 (Fla. 1970), the Supreme Court held that a field foreman, responsible for transporting and supervising farm workers, was covered by Chapter 440:
`... [i]t is the character of labor performed by the employee that must determine its [the agricultural labor exemption] application rather than the character of employer's business.'
Claimant in another case had been hired to repair and erect new buildings and tenant houses on a farm. His employer sought to evoke the agricultural exemption, but the court rejected that proposition:
... it never was the intent of the agricultural labor exclusion under the Florida Workmen's Compensation Law to exempt farmers as a class or agriculture as an industry, but merely to exempt the kind of work or labor particularly associated with ordinary farming operations performed on a farm, such as plowing, harrowing, planting, fertilizing, cultivating, harvesting, preparation of farm products for market (e.g., washing and packing, [sic]), feeding livestock, milking cows, bottling milk, repairing fences, and the like.
Thomas Smith Farms, Inc. v. Alday, 182 So.2d 405, 411 (Fla. 1966). (Emphasis in the original.)
Appellant was a professional baseball player and, had he been injured while playing baseball, he could not have received Chapter 440 benefits. The press party he was required to attend was not, however, "the kind of work or labor particularly associated with" playing professional baseball, but was an additional activity imposed upon him by the employer and to the employer's substantial benefit. See City of Daytona Beach v. Mathias, IRC Order 2-2983 (June 16, 1976), cert. denied, 350 So.2d 458 (Fla. 1977).
Because of our disposition of this case, we need not address appellant's last point, that the employer waived the statutory exclusion and was estopped to assert it by virtue of having taken out a workers' compensation insurance policy.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
ERVIN and SHIVERS, JJ., concur.
SHAW, J., dissents with opinion.
SHAW, Judge, dissenting.
The majority opinion holds that a professional baseball player who was injured while attending a press party at the directive of the club manager is entitled to workmen's compensation benefits under Chapter 440, Florida Statutes. Miranda v. Southern Farm Bureau Casualty Insurance Company, 229 So.2d 232, 235 (Fla. 1970) and Thomas Smith Farms, Inc. v. Alday, 182 So.2d 405, 411 (Fla. 1966) are cited as support for the opinion. These two cases, however, deal with agricultural laborers who cannot, in my opinion, be analogized to professional athletes. Section 440.02(1)(c)2 and 3, Florida Statutes, provides in pertinent part:

*1327 2. Agricultural labor performed on a farm in the employ of a bona fide farmer or association of farmers, who employs 5 or less regular employees and who employs less than 12 other employees at one time for seasonal agricultural labor that is completed in less than 30 days, provided such seasonal employment does not exceed 45 days in the same calendar year. The term "farm" includes stock, dairy, poultry, fruit, fur-bearing animals, fish, and truck farms, ranches, nurseries, and orchards. The term "agricultural labor" includes field foremen, time-keepers, checkers, and other farm labor supervisory personnel.
3. Professional athletes, such as professional boxers, wrestlers, baseball, football, basketball, hockey, polo, tennis, jai alai, and similar players.
Justice Drew, the author of both cited opinions, points out that the wording of the agricultural labor exclusion lends itself to the conclusion that it was never the intent of the legislature to exempt farmers as a class or agriculture as an industry. The exemption hinges upon the labor performed by the employee rather than the nature of the employer's business. This conclusion is altogether logical and consistent with the wording of the agricultural labor exclusion. The same cannot be said however for the exemption pertaining to professional athletes which appears to exclude a class rather than individuals who happen to be performing as professional athletes at the time the employer seeks to invoke the exclusion. I do not feel that the cited cases are support for a departure from what I see as clear legislative intent. I, therefore, respectfully dissent.