MILLS, Judge.
In this workers’ compensation action, the employer/carrier appeals the inclusion of income from an endorsement contract in claimant’s average weekly wage. The claimant cross-appeals the exclusion of previous tournament winnings in his average weekly wage computation. We affirm the order on both points.
Scott Anderson, claimant, is a professional water skier. He was employed by Sea World to perform in their ski shows. Anderson also had an endorsement contract with Master Craft Boats. He was required to use Master Craft products and to appear in Master Craft sponsored events, dealer seminars, and boat shows. In return, Master Craft provided Anderson with a boat and trailer, skis, and a monthly salary. Additionally, Anderson participated annually in ski tournaments and clinics. In the 1979 tournament season, from June to November, he had won several cash prizes. He had no tournament earnings in the thirteen weeks prior to the accident. While jumping for Sea World on 19 June 1980, Anderson fell and fractured his neck. The only issue at the hearing on his claim was the appropriate average weekly wage.
The employer/carrier contends that the endorsement income should have been excluded as income from professional athletics or self-employment income. We need not determine whether water skiing is professional athletics under the Workers’ Compensation Act for we find Anderson’s activities for Master Craft to be entirely promotional and not athletic. We reason here, as we did in Miles v. Montreal Baseball Club, 379 So.2d 1325 (Fla. 1st DCA 1980), that Anderson’s duty to Master Craft “was not the kind of work or labor particularly associated with [professional water skiing], but was an additional activity imposed upon him by the employer and to the employer’s substantial benefit.” Id. at 1326. The Master Craft contract was employment within the meaning of the act and is appropriately treated as concurrent employment. The conclusion that Anderson performed substantially the same service for both Master Craft and Sea World is supported by the record. The two wages were properly combined to determine average weekly wage. J.J. Murphy and Son, Inc. v. Gibbs, 137 So.2d 553 (Fla.1962).
In his cross-appeal, Anderson claims that his income from ski tournaments and clinics should have been included in his average weekly wage as “seasoned income.” Section 440.14(l)(c), Florida Statutes. He, however, wholly failed to meet the statutory requirement that he “must document prior earnings with W-2 forms, written wage statements, or income tax returns.” For this reason, the deputy commissioner’s order is also affirmed on this point. We note that the possibility of Anderson having actually lost tournament winnings is speculative.
For the above reasons, the order of the deputy commissioner is affirmed and appel-lee/cross-appellant is granted fees of $1,250.
AFFIRMED.
ERVIN, C.J., and LARRY G. SMITH, J., concur.