## WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Petitioner,

v.

## DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,

Lonnie T. Glenn, Intervenor.

No. 85–1507.

District of Columbia Court of Appeals.

Argued July 8, 1986.

Decided Oct. 10, 1986.

Jeffrey W. Ochsman, Washington, D.C., for petitioner.

Beverly J. Burke, Asst. Corp. Counsel, with whom Edward E. Schwab, Asst. Corp. Counsel, John H. Suda, Acting Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Marc Fiedler, with whom Mark J. Brice, Washington, D.C., was on the brief, for intervenor.

Before NEWMAN, FERREN and STEADMAN, Associate Judges.

PER CURIAM:

We are presented with the question whether the District of Columbia Workers'

---

Compensation Act (WCA), D.C.Code §§ 36–301 *et seq.* (1981), permits the Department of Employment Services (DOES) to consider income not originally reported in a claimant's income tax return when computing his or her benefits. We affirm DOES's determination that wages shown on amended returns can be used in calculating benefits under the WCA.

Mr. Lonnie Glenn, then employed 30 hours a week by Washington Metropolitan Area Transit Authority (WMATA), was injured on the job and filed for benefits under the WCA. At the DOES hearing he testified that at the time of his injury he also held a part-time job with Budget Lock & Key (BLK). Although he knew that legally he should do so, Glenn did not report the BLK income on his original income tax returns.[1] He did report the income on amended returns filed after the DOES hearing date of December 20, 1984. (The hearing record had been left open for the submission of the amended returns.)

■ The first issue raised by WMATA is whether WCA benefits should be calculated solely on the basis of income from the employer whose work occasioned the injury, or whether income from any other job the injured worker concurrently held can also be included. We recently decided this "wage stacking" issue in *MCM Parking Co. v. District of Columbia Department of Employment Services,* 510 A.2d 1041 (D.C.1986), holding that the wages from all jobs held at the time of an on-the-job accident can be combined in computing benefits.

■ The remaining issue, peculiar to this case, is whether Glenn's failure to report the BLK wages on his original income tax returns barred their use in calculating his benefits. DOES reasoned that even assuming, *arguendo*, that wages had to be reported for income tax purposes to be considered,[2] wages reported on amended returns met that requirement, and the issue thus became moot. DOES rejected WMATA's argument that allowing a claimant to "cure" by filing an amended return encourages tax evasion and is violative of public policy.

We defer to an agency's interpretation of a statute it administers unless that interpretation is unreasonable in light of prevailing law. *MCM Parking Co. v. District of Columbia Department of Employment Services, supra; Hughes v. District of Columbia Department of Employment Services,* 498 A.2d 567, 570 (D.C.1985). The DOES interpretation is a reasonable one. DOES does not become a proponent of tax evasion by declining to undertake the potentially complex and troubling task of examining possible civil or criminal liability in connection with the filing of a late or amended tax return, at least where wages are involved.[3] Workers' compensation

---

1. Glenn's employment with BLK began sometime in the second half of 1982 and continued until the date of the injury on October 19, 1983.

2. The assumption was made because of WMATA's argument that such is the necessary implication of D.C.Code § 36–311(b) (1981), which provides:

   (b) The terms "average weekly wage" and "total wages" as used in this section shall include reasonable value for board and lodging received from the employer plus gratuities declared for tax purposes by the employee. WMATA reads this section as making evident that the Act's framers were concerned with the reporting of all types of income for tax purposes. An alternative interpretation might be that the requirement was imposed as to gratui-

ties because of the evidentiary difficulties in proving the amount of gratuities except by the self-serving testimony of the recipient. With wages, the employer can confirm the amount paid, as indeed occurred at the hearing in this case. The owner of BLK testified as to the wages paid to Glenn in cash. No tax or Social Security amounts were withheld although the owner indicated he knew this was supposed to be done.

3. This is not to say that the original failure to report wages cannot be considered as relevant evidence on the issue whether such wages were in fact paid and in what amount. *Cf. Sea World of Florida v. Anderson,* 436 So.2d 335 (Fla.Dist. Ct.App.1983).

laws need not be complicated in this regard by the intricacies of the federal and state tax codes with their carefully tailored enforcement and sanction provisions.[4]

*Affirmed.*

---

**4.** Although not involving direct allegations of deliberate misreporting, cases in other jurisdictions have reflected a similar reluctance to enmesh the administration of workers' compensation law with the claimant's tax returns. *See Harvey Auto Supply, Inc. v. Industrial Comm'n,* 25 Ariz.App. 274, 542 P.2d 1154 (1975) (failure to report stock received as part of compensation); *Alterman Transport Lines, Inc. v. Goetzman,* 430 So.2d 486 (Fla.Dist.Ct.App.1983) (tax returns not conclusive on amount of employee's "draw").