Jerome OUBRE, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent,

and

A.A. Beiro Construction Company,

and

Hartford Accident & Indemnity
Company, Intervenors.

No. 90–AA–733.

District of Columbia Court of Appeals.

Argued March 26, 1992.
Decided Aug. 26, 1993.

William F. Mulroney, Landover, MD, for petitioner.

Charles L. Resichel, Deputy Corp. Counsel, and John Payton, Washington, DC, Corp. Counsel, filed a memorandum in lieu of brief, for respondent.

William P. Dale, with whom William S. Sands, Jr., Washington, DC, was on the brief, for intervenors.

Before STEADMAN and WAGNER, Associate Judges, and MACK, Senior Judge.

WAGNER, Associate Judge:

This case arises under the District of Columbia Workers' Compensation Act, D.C.Code §§ 36–301 to –345 (1988) (the Act). Petitioner, Jerome Oubre, seeks review of a decision of the Department of Employment Services (DOES) reversing and setting aside a portion of a compensation award as determined by a hearing examiner. The Director of DOES reversed the examiner's decision, concluding that the wage issue had been resolved conclusively in a prior proceeding involving the same accident and parties. Petitioner's principal argument before this court is that res judicata principles do not operate to bar a redetermination of his actual wages under the Act where the earlier ruling was based upon a stipulation reached by the parties as a result of erroneous information provided by the employer. Intervenors, A.A. Beiro Construction Company (Beiro) and Hartford Accident & Indemnity Company (Hartford), and the District of Columbia take the position that the Act does not provide for modification of a prior, final compensation order based upon mutual mistake of fact. We conclude that issue preclusion principles do not apply where there is manifest error in the record of the prior proceeding based upon the parties' mutual mistake in calculating the statutory rate of workers' compensation.

## I.

Petitioner sustained a back injury arising out of and during the course of his employment as a carpenter for Beiro. He filed a claim for workers' compensation under the Act. After a full evidentiary hearing on the claim, the Acting Chief Hearing Examiner, Robert C. Baker, entered a compensation order on April 10, 1987 awarding Oubre temporary total disability benefits for

the period October 12, 1985 to September 24, 1986.[1] The compensation award was based upon an average weekly wage of $507.28, a figure to which the parties stipulated based upon wage records provided by Beiro. Neither party sought review or reconsideration of the order, and it became final on May 10, 1987.

Subsequently, petitioner filed a claim for additional benefits based upon aggravation of his original injury. Prior to the evidentiary hearing on the subsequent claim, the employer, Beiro, filed a motion to exclude any new evidence of petitioner's average wage unless petitioner could show a "change in condition" as required by D.C.Code § 36–324. Beiro also argued that res judicata principles precluded petitioner from relitigating the issue which was decided in the first proceeding. The hearing examiner denied Beiro's motion and admitted the evidence. Following the hearing, the examiner awarded benefits based upon a corrected average weekly wage of $602.24.[2]

The examiner observed that this wage information was based upon evidence provided petitioner by the employer which was uncontroverted. Further, the examiner stated that the claim under consideration involved an additional period of benefits and therefore, the prior decision had no bearing on the claim.[3] The compensation order required the employer to pay petitioner benefits based on the corrected average weekly wage for the following: (1) temporary partial disability benefits from September 25, 1986 through March 24, 1987; (2) temporary total disability benefits from March 25, 1987 through April 5, 1988; and (3) permanent total disability benefits beginning April 6, 1988. The employer filed an application for review with the Director of DOES. *See* D.C.Code § 36–322(b)(2).

On appeal at the agency, the employer contended, *inter alia*, that the hearing examiner's decision to readjudicate petitioner's average weekly wage was contrary to law and precluded by res judicata principles. While acknowledging that the stipulation of wages at the first claim's hearing was based upon erroneous information supplied by the employer and its carrier, applying res judicata principles, the Director of DOES nevertheless held that petitioner could not relitigate the wage issue absent a showing that the information previously provided was "fraudulently tendered-vis-a-vis-tendered as a mistake of fact." Therefore, the Director set aside that portion of the order redetermining petitioner's average weekly wage and affirmed and adopted the remaining findings and decision of the hearing examiner. The Director rejected the employer's and carrier's argument that the claim should have been considered as a modification of the original compensation order on its merits and on the basis that the employer had not made the argument before the hearing examiner.

## II.

Petitioner argues that res judicata principles do not bar correction of a mutual mistake of fact which results in the deprivation of benefits to the employee as mandated by the Act. *See* D.C.Code § 36–311(a). Petitioner also contends that the wage issue was not litigated in the first proceeding and therefore, res judicata/collateral estoppel principles do not apply. Respondent and intervenors take the contrary position. They also contend that the agency's ruling that the Act does not permit modification of a prior, final compensation order based upon a mutual mistake of

1. The hearing examiner also ruled that petitioner had not established any disability beyond September 24, 1986.

2. The employer was required to pay petitioner additional wages in lieu of pension and health benefits because he was a non-union worker. *See* D.C.Code § 36–301(19). This was apparently the reason for the discrepancy in the information the employer provided at the first hearing upon which the parties' stipulation was based. At the hearing on the second claim, petitioner's counsel represented that some time subsequent to petitioner's receipt of the first compensation order, petitioner discovered the mistake.

3. The order provided for application of the actual average weekly wage increase prospectively only.

fact is reasonable and in conformity with the plain meaning of the Act and its legislative history. Before addressing these issues, we examine some of the legal principles which will guide our analysis.

■■■ At the outset, we acknowledge, as we have so often, the limited role of this court in reviewing administrative decisions. *See, e.g., Madison Hotel v. District of Columbia Dep't of Employment Servs.*, 512 A.2d 303, 306 (D.C.1986). We will not disturb the agency's decision if it flows rationally from the facts which are supported by substantial evidence in the record. *Id.* (citing *Kramer v. District of Columbia Dep't of Employment Servs.*, 447 A.2d 28, 30 (D.C.1982); D.C.Code § 1–1510(a)(3)(E)); *Saah v. District of Columbia Bd. of Zoning Adjustment*, 433 A.2d 1114, 1116 (D.C. 1981). In reviewing questions of law, we will uphold the agency's interpretation of the statute it is responsible for administering unless it is unreasonable in light of prevailing law, or conflicts with the statute's plain meaning or legislative history. *Smith v. District of Columbia Dep't of Employment Servs.*, 548 A.2d 95, 97 (D.C. 1988); *Lee v. District of Columbia Dep't of Employment Servs.*, 509 A.2d 100, 102 (D.C.1986); *Washington Metropolitan Area Transit Authority v. District of Columbia Dep't of Employment Servs.*, 515 A.2d 740, 741 (D.C.1986). "Indeed, we must sustain the agency's interpretation even if a petitioner advances another reasonable interpretation of the statute or if we might have been persuaded by the alternate interpretation had we been construing the statute in the first instance." *Smith*, 548 A.2d at 97. We will not uphold an agency's decision which is based upon a material misconception of the law. *Madison Hotel, supra*, 512 A.2d at 306. Subject to this deferential standard for matters of statutory interpretation, the reviewing court has the greater expertise when the agency's decision rests upon a question of law. *Saah*, 433 A.2d at 1116.

■ The issues presented for review in this case involve only the agency's determinations of questions of law. Here, petitioner challenges the agency's application of res judicata principles to bar his claim for full compensation under D.C.Code § 36–311. Resolution of these issues involve not only matters of statutory interpretation of the Workers' Compensation Act, but also well established legal principles governing the binding effect of stipulations and the application of the doctrine of res judicata/issue preclusion to successive administrative proceedings. As to the latter questions of law, no special deference is owed to the agency's determination. *See Saah, supra*, 433 A.2d at 1116.

### III.

Pursuant to D.C.Code § 36–311, with exceptions not pertinent here, workers' compensation for an injured employee is computed on the basis of the employee's average weekly wage at the time of the injury. Applying res judicata principles, the agency declined to compute petitioner's compensation for his second claim on that basis because the parties had stipulated to a lower figure, albeit upon a mutual mistake of fact, at a hearing on the claim for petitioner's original injury. Petitioner contends that the agency erred in this ruling primarily for these reasons: (1) the issue was not litigated in the prior proceeding; and (2) res judicata principles can not preclude application of the controlling statutory guidelines in setting an award of benefits under the Act.

■■■ We reject petitioner's argument that the wage determination was not and could not have been litigated in connection with his initial claim. Although it was not a contested issue, the wage determination was a factual question essential to computing benefits under the Act. *See* D.C.Code § 36–311; *see also MCM Parking Co. v. District of Columbia Dep't of Employment Servs.*, 510 A.2d 1041, 1042–43, (D.C. 1986); *George Hyman Const. Co. v. District of Columbia Dep't of Employment Servs.*, 497 A.2d 103, 108 (D.C.1985). In workers' compensation cases, parties may enter binding factual stipulations thereby eliminating the need to offer evidence upon a relevant issue. *Madison Hotel, supra*,

512 A.2d at 307. Here, the parties did just that. Their stipulation avoided the contested litigation of that particular issue. A stipulation of facts is binding upon parties to the litigation and upon the courts. *Cowan v. United States,* 331 A.2d 323, 327 (D.C.1975). The stipulation, which is an agreed statement of facts between the parties, may provide substantial evidence upon which an agency decision may be predicated. *Madison Hotel,* 512 A.2d at 307. In this case, the parties' stipulation provided evidence essential to the agency's initial award of compensation. When, as here, an issue is properly raised, considered on the merits, and determined, it is actually litigated. *See Ali Baba Co. v. Wilco, Inc.,* 482 A.2d 418, 422 (D.C.1984) (quoting RESTATEMENT SECOND OF JUDGMENTS § 27(d)). Thus, we find no basis to conclude that the question was not litigated nor determined in the first proceeding.

▬▬ Nevertheless, petitioner contends that res judicata principles cannot bar correction of a mutual mistake of fact made in the first administrative hearing when it results in a deprivation of benefits as mandated by the Act. Before considering the implications of the Act, we examine the res judicata or collateral estoppel principles pertinent to our decision. After a valid final adjudication on the merits, the doctrine of res judicata bars relitigation of the same claim between the same parties. *Gilles v. Ware,* 615 A.2d 533, 538 (D.C. 1992); *Henderson v. Snider Bros., Inc.,* 439 A.2d 481, 485 (D.C.1981). Collateral estoppel, a related doctrine, precludes relitigation of issues of fact or law determined in a prior proceeding which were essential to that judgment. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Ali Baba, supra,* 482 A.2d at 421–22; *Commissioner of Internal Revenue v. Sunnen,* 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); *see also Washington Medical Ctr. v. Holle,* 573 A.2d 1269, 1283 (D.C.1990). Res judicata and collateral estoppel principles apply in administrative cases under certain circumstances. *United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 421–22, 86 S.Ct. 1545, 1559–60, 16 L.Ed.2d 642 (1966); *William J. Davis, Inc. v. Young,* 412 A.2d 1187, 1193–94 (D.C.1980); *Harrah v. Richardson,* 446 F.2d 1, 2 (4th Cir.1971); *see also Borough of Lansdale, Pa. v. Federal Power Comm'n,* 494 F.2d 1104, 1114 n. 45 (D.C.Cir.1974). The doctrine applies when the agency is acting in a judicial capacity, resolving disputed issues of fact properly before it which the parties have an adequate opportunity to litigate. *Davis,* 412 A.2d at 1194 (citations omitted). "The threshold inquiry is whether the earlier proceeding is the essential equivalent of a judicial proceeding." *Id.*

In the present case, the record reflects that the initial proceeding was indeed the equivalent of a judicial proceeding. An evidentiary hearing was held on petitioner's claim, the parties were given an opportunity to make opening and closing statements, to call witnesses, to cross-examine witnesses, and to introduce exhibits. The hearing examiner made findings of fact and conclusions of law on the issues and entered a compensation award. All of these factors mark the administrative hearing on petitioner's initial claim as an adjudicative function. Therefore, it meets the criteria for application of collateral estoppel principles, *see id.,* unless some other overriding considerations dictate a contrary result as petitioner contends.

### IV.

▬▬ There are circumstances where the policies underlying res judicata and collateral estoppel in administrative proceedings may be overcome. Among them, manifest error in the record of the prior proceeding has been recognized as an exception to the application of res judicata to administrative determinations. *Harrah, supra,* 446 F.2d at 2; *Grose v. Cohen,* 406 F.2d 823, 824–25 (4th Cir.1969). As the court observed in *Grose:*

> *Res judicata* of administrative decisions is not encrusted with the rigid finality that characterizes the precept in judicial proceedings. *See Farley v. Gardner,* 276 F.Supp. 270, 272 (S.D.W.Va.1967). Application of the doc-

trine often serves a useful purpose in preventing relitigation of issues administratively determined, *e.g., Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402, 60 S.Ct. 907, [916,] 84 L.Ed. 1263 (1940); but practical reasons may exist for refusing to apply it, *e.g., United States v. Stone & Downer Co.*, 274 U.S. 225, 47 S.Ct. 616, 71 L.Ed. 1013 (1927). And in any event, when traditional concepts of *res judicata* do not work well, they should be relaxed or qualified to prevent injustice. 2 Davis, Administrative Law, § 18.03 (1958).

406 F.2d at 824–25.[4] In petitioner's case, his compensation award in the initial proceeding was based upon an erroneous wage figure provided by the employer and stipulated to by the parties. This wage error meets the manifest injustice exception set forth in *Harrah*.

The Supreme Court of Arizona has held that the commission determining workers' compensation claims for the state had the authority to correct a mutual mistake of fact as to the employee's earnings for the base period. *Martin v. Industrial Comm'n*, 63 Ariz. 273, 161 P.2d 921, 923 (1945); *see also Herman v. Industrial Comm'n*, 100 Ariz. 312, 414 P.2d 134, 137 (1966). Observing the absence of a specific power for the commission's exercise of jurisdiction over a compensation award, the Arizona court found the authority to correct the error to be implicit in the law which conferred upon the commission the authority to proceed in a manner best calculated to ascertain the substantial rights of the parties and the law without the formality of rules of procedure not specified in the statute. *Martin*, 161 P.2d at 922–23.

Although the Workers' Compensation Act in this jurisdiction does not address specifically the applicability of res judicata and collateral estoppel principles in the proceedings under it, various provisions of the Act and its underlying purposes suggest that the doctrines ought not to be so rigidly enforced as to preclude full compensation to the claimant prospectively under circumstances like those presented here. One of the objectives of the Act is to replace wages lost by a disabled worker as the result of work-related injuries without regard to fault. *MCM Parking, supra*, 510 A.2d at 1043 (quoting COMMITTEE ON HOUSING AND ECONOMIC DEVELOPMENT, REPORT TO THE COUNCIL OF THE DISTRICT OF COLUMBIA, at 6 (Jan. 29, 1980)). To that end the statute provides a formula for the computation of compensation on the basis of the employee's average weekly wage. *See* D.C.Code § 36–311. The language of the computation provision is mandatory. *Id.* Moreover, the statute declares invalid any agreement of an employee to waive his right to compensation as provided under the Act. D.C.Code § 36–316(b). Under the statute, the parties could not have voluntarily entered an agreement reducing the amount of petitioner's benefits. It seems incongruous that where they did so under a mutual mistake of fact during the course of an administrative proceeding, they should be bound by the agreement even as additional claims for the original injury are adjudicated under the Act. The reasons for rejecting the application of res judicata or collateral estoppel under these circumstances outweigh any reasons for applying the doctrine.[5]

█ Other considerations support this conclusion. We have previously noted that this Act is to be liberally construed to effectuate its purpose. *Ferreira v. District of Columbia Dep't of Employment Servs.*, 531 A.2d 651, 655 (D.C.1987). The

---

**4.** In *Grose*, the court found implicit in the regulations that not every administrative decision should be accorded finality. 406 F.2d at 825. While the regulations governing workers' compensation hearings in this jurisdiction do not contain similar provisions, other aspects of our statutory and regulatory scheme provide support for our adoption of a similar approach as we discuss *infra*.

**5.** The purpose of claim preclusion is "to prevent relitigation of claims that [parties] have already had a full and fair opportunity to litigate, thereby protecting adversaries from expensive and vexatious multiple lawsuits, conserving judicial resources, and minimizing the likelihood of inconsistent outcomes." *Smith v. Jenkins*, 562 A.2d 610, 615 (D.C.1989) (citations omitted).

procedures for securing payment of claims under the Act are flexible and informal. *Id.* at 658. The statute provides that in conducting the hearings "the Mayor [or designee] shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure...." D.C.Code § 36–325; *see also Ferreira*, 531 A.2d at 658 (the formal rules of evidence do not apply in workers' compensation proceedings); 7 DCMR § 223.5 (1986).[6] It would be inconsistent with the statutory mandate for flexibility in the procedures governing the hearing process to sanction the type of rigidity in the application of collateral estoppel which would preclude correction of a mutual mistake of fact affecting the prospective amount of compensation mandated under the Act. *See Martin, supra,* 161 P.2d at 922–23. We decline to do so.

Respondent and intervenors argue that the Act does not permit modification of a prior compensation order based upon a mistake of fact. They rely on D.C.Code § 36–324 for their position that the Act permits modification of a prior order only if a change in conditions has occurred.[7] In the final decision which petitioner asks us to review, the agency explicitly rejected respondents' argument that petitioner's claim for additional benefits was required to be adjudicated as a request for modification of the prior order because they failed to raise it before the hearing examiner. Respondent and intervenors have not petitioned for review of that aspect of the agency's decision. Moreover, what is involved here is not a modification of a prior award, but rather a determination by the agency to use res judicata principles to bar consideration of the wage issue in the subsequent proceeding. For these reasons, we reject respondents' modification argument.

We conclude that the agency's decision rests upon material misconceptions of the foregoing legal principles. Therefore, it cannot stand. *See Madison Hotel, supra,* 512 A.2d at 306. Accordingly, we reverse the decision of the agency and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

---

6. The regulation governing the conduct of hearings provides:

> The order in which evidence and allegations shall be presented and the procedures at the hearing generally, except as this chapter otherwise expressly provides, shall be in the discretion of the Hearing or Attorney Examiner and of the nature as to afford the parties a reasonable opportunity for a fair hearing.

7 DCMR § 223.5 (1986).

7. The changes involved must raise issues concerning:

> (1) The fact or the degree of disability or the amount of compensation payable pursuant thereto; or
> (2) The fact of eligibility or the amount of compensation payable pursuant to § 36–309.

D.C.Code § 36–324(a)(1), (2).