731 A.2d 843 (1999)
James E. BREEN, Petitioner,
v.
DISTRICT OF COLUMBIA POLICE AND FIREFIGHTERS RETIREMENT AND RELIEF BOARD, Respondent.
No. 97-AA-272.
District of Columbia Court of Appeals.
Argued May 18, 1999.
Decided May 25, 1999.[*]
As Amended on Rehearing August 4, 1999.
Frederic W. Schwartz, Jr., with whom James Taglieri, Washington, DC, was on the brief, for petitioner.
Sheila Kaplan, Assistant Corporation Counsel, with whom Jo Anne Robinson, Principal Deputy Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for respondent.
Before TERRY and SCHWELB, Associate Judges and KERN, Senior Judge.
PER CURIAM:
The District of Columbia Police and Firefighters Retirement and Relief Board ("Board") awarded petitioner an annuity *844 for a job-related injury that resulted in a partial disability. In determining petitioner's annuity, the Board considered the average salary of positions the petitioner had the capacity to occupy after his disability. Petitioner appeals the determined annuity, contending that the Board's finding regarding the availability of jobs was not supported by substantial evidence in the record. We disagree and affirm.
Petitioner James E. Breen was appointed to the District of Columbia Fire and Emergency Medical Department in 1980. At some time while working as a firefighter, petitioner sustained a back injury. In 1993, after finding that petitioner was permanently disabled with a twenty percent functional impairment, the Board of Police and Fire Surgeons ("Board of Surgeons") referred petitioner's case to the Board for possible disability retirement. After a hearing in 1994, the Board concluded that petitioner's back injury permanently prevented him from continuing to work as a firefighter. The Board found petitioner was sixty-one percent disabled and thus entitled to an annuity of $15,834.38. Petitioner appealed this determination.
In Breen v. District of Columbia Police & Firefighters Retirement & Relief Bd., 659 A.2d 1257, 1259 (D.C.1995), this court held that the Board's determined annuity was not supported by substantial evidence. Specifically, we held that the Board had failed to include in the record "any of the physical, educational (or training), and experience requirements for any of the five job positions that the Board concluded petitioner had the capacity to occupy." Id. (internal quotation marks omitted).
As a result of our holding in Breen, the Board held a second hearing to reconsider petitioner's determined annuity. At the hearing, petitioner claimed that his disability rendered him incapable of any type of employment. However, petitioner's medical expert, Dr. Michael Dennis, testified that ten percent of individuals in petitioner's condition were capable of some kind of "sedentary to light" work. In light of the testimony at the hearing, petitioner agreed to undergo an independent vocational assessment, aimed at evaluating his "functional capacity." The vocational assessment concluded that petitioner was qualified for seventy-five possible positions, three of which were thoroughly analyzed in a report.
At a third hearing, the Board, with the aid of the vocational assessment, found that petitioner was capable of "sedentary and light work." This finding was supported by the testimony of Dr. Gangagee Balkissoon of the Board of Surgeons, who agreed with the vocational assessment. The Board concluded that petitioner was capable of performing various jobs within his physical limitations. Consequently, the Board took the average salary of five such jobs and determined that petitioner was fifty-three percent disabled and entitled to a $13,721.40 annuity.[1]
Petitioner argues that the Board's determined annuity is not supported by substantial evidence in the record because "[t]here is simply no indication from the record, as the Relief Board believed, that these vacancies actually existed." (Emphasis added.)
In reviewing the Board's decision, we apply the familiar "substantial evidence" standard. Accordingly, "we will not disturb the agency's decision if it flows rationally from the facts which are supported by substantial evidence in the record." Oubre v. District of Columbia Dep't of Employment Servs., 630 A.2d 699, 702 (D.C.1993).
In calculating a claimant's annuity, D.C.Code § 4-616(e)(2)(B) (1994) requires the Board to consider, inter alia, "factors or circumstances which may affect *845 the capacity of the annuitant to earn wages or engage in gainful activity in his disabled condition." (Emphasis added.) In applying this statutory provision, the Board considers the "average salary for the positions [a disabled] petitioner has the capacity to occupy" in its annuity-entitlement formula. Breen, supra, 659 A.2d at 1258 (emphasis added).[2] Contrary to petitioner's contention, the Board is not required to ensure there is substantial record evidence that the type of jobs petitioner is capable of performing are actually available to petitioner at some instant in time, as long as the Board can reasonably find that such a job is potentially available. See 7 DCMR § 2515.2(e) (1986). Instead, we now hold that the Board must have substantial evidence that petitioner has the capacity to perform the type of work considered in its calculated annuity.
Here, the Board relied on substantial record evidence in finding that petitioner was capable of performing certain types of jobs. This substantial evidence consisted of: (1) the testimony of petitioner's own medical expert that ten percent of individuals in petitioner's condition are able to perform some kind of light work; (2) the independent vocational assessment which concluded that petitioner was functionally capable of performing any one of seventy-five jobs; and (3) the testimony of Dr. Balkissoon of the Board of Surgeons concurring with the independent vocational assessment. Therefore, the Board properly considered the average potential wages that petitioner had the capacity to earn in light of his partial disability. Accordingly, the decision on review is
Affirmed.
NOTES
[*] The decision in this case was originally released as a Memorandum Opinion and Judgment on May 25, 1999. It is now being published by direction of the court.
[1] Pursuant to D.C.Code § 4-616(e)(2)(D) (1994), which establishes a minimum annuity of forty percent of the base salary at the time of the injury, petitioner's annuity was increased to $14,833.
[2] The standard formula used by the Board in calculating a disabled employee's annuity is

(A-B)/A = C × D = E, where:
A = current salary for the position held by petitioner (pre-injury)
B = average salary for positions disabled petitioner has the capacity to occupy
C = percentage of disability
D = 70% of the petitioner's basic salary
E = amount of annuity
Id. at 1258.