*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-AA-703

JO CARPENTER, PETITIONER,

FILED 7/2/15
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

V.

DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, RESPONDENT,

and

THE MARKSWRIGHT COMPANY, INC., INTERVENOR.

On Petition for Review of a Decision of the
District of Columbia Rental Housing Commission
(RH-TP No. 29,840-10)

(Argued September 17, 2014          Decided December 10, 2014[*])

*Paul Strauss*, with whom *Justin M. DiBlassio* and *Richard J. Bianco* were on the brief, for petitioner.

*Debra Fischer Leege*, with whom *Richard W. Luchs* was on the brief, for intervenor.

*Irvin B. Nathan*, Attorney General for the District of Columbia at the time the brief was filed, *Todd S. Kim*, Solicitor General, *Loren L. AliKhan*, Deputy Solicitor General, and *James C. McKay, Jr.*, Senior Assistant Attorney General, filed a statement in lieu of brief in support of intervenor.

---

[*] The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published by direction of the court.

Before WASHINGTON, *Chief Judge*, MCLEESE, *Associate Judge*, and BELSON, *Senior Judge*.

WASHINGTON, *Chief Judge*: Jo Carpenter appeals from a decision of the District of Columbia Rental Housing Commission ("Commission") finding that her housing provider, The Markswright Company, Inc. ("Markswright"), did not illegally increase her rent in violation of the Rental Housing Act of 1985, D.C. Code §§ 42-3501.01 to -3509.07 (2014) (the "Act"). Specifically, Ms. Carpenter alleges that the Commission erred in concluding that the Act does not require a signature on Notices of Rent Increase and that the Notice of Rent Increase filed in this case was properly admitted into evidence. We affirm.

**I.**

Ms. Carpenter is a resident of Brandywine Apartments, located at 4545 Connecticut Avenue Northwest, Washington, D.C. Ms. Carpenter resides in Unit 928. Ms. Carpenter received Notices of Rent Increase in 2007 and 2009, both of which were signed by Lucy Bolton, an employee of Markswright. Ms. Bolton is not registered as a property manager in the District of Columbia.

On March 16, 2010, Ms. Carpenter filed Tenant Petition RH-TP-10-29,480

with the Rental Accommodations Division ("RAD") alleging that Markswright increased her rent in violation of various provisions of the Act. After an evidentiary hearing before the Office of Administrative Hearings ("OAH"), the Administrative Law Judge ("ALJ") who heard the case dismissed all of Ms. Carpenter's claims with prejudice, concluding that Ms. Carpenter failed to prove that Markswright illegally increased her rent. On September 12, 2011, Ms. Carpenter appealed the ALJ's decision to the Commission, arguing that the ALJ erred in concluding that the Notice of Rent Increase sent to her did not require a signature to be effective and that the ALJ's decision to admit into evidence the 2007 and 2009 Notices of Rent Increase that were sent to her by Markswright, specifically Housing Provider's Exhibits 200 ("RX 200") and 201 ("RX 201"), respectively, was an abuse of discretion because the dates on the exhibits were obscured.[1] On June 5, 2013, the Commission upheld the ALJ's decision. Ms. Carpenter now appeals to this court.

## II.

Section 42-3502.08 of the Act governs rent increases. It provides:

---

[1] Ms. Carpenter did not challenge the admission of RX 201, the 2009 Notice of Rent Increase, on appeal to this court.

(a)(1) Notwithstanding any provision of this chapter, the rent for any rental unit shall not be increased above the base rent unless:

    (A) The rental unit and the common elements are in substantial compliance with the housing regulations . . . ;

    (B) The housing accommodation is registered in accordance with § 42-3502.05;

    (C) The housing provider of the housing accommodation is properly licensed under a statute or regulations if the statute or regulations require licensing;

    (D) The manager of the accommodation, when other than the housing provider, is properly registered under the housing regulations if the regulations require registration; and

    (E) Notice of the increase complies with § 42-3509.04.

D.C. Code § 42-3502.08 (a)(1)(A)-(E). The notice of the adjustment must state the current rent, the increased rent, the utilities covered by the rent which justify the adjustment (or any other justification), and a summary of tenant's rights. *Id.* § 42-3502.08 (f). In addition, the notice must include the amount of the rent adjustment and the date on which the adjustment is due and the housing provider is required to make certain certifications. *See* 14 DCMR § 4205.4 (a)-(b).

Ms. Carpenter argues that the Commission erred in holding that no signature is required on a Notice of Rent Increase for it to be effective and therefore, the fact that the notice is signed by an unlicensed employee does not make the notice defective. She contends that only a licensed property manager can sign Notices of Rent Increase because such an interpretation of the Act is consistent with the Act's purpose, which is to protect tenants from frivolous and arbitrary rent increases and

to ensure the effective and efficient enforcement of the rent-control program.

This court plays a limited role in reviewing agency decisions. *Jerome Mgmt., Inc. v. District of Columbia Rental Hous. Comm'n*, 682 A.2d 178, 181 (D.C. 1996); *Oubre v. District of Columbia Dep't of Emp't Servs.*, 630 A.2d 699, 702 (D.C. 1993). Regarding questions of law, this court will uphold an agency's decision unless it is unreasonable considering the prevailing law or conflicts with the statute's plain meaning or legislative history. *Jerome Mgmt.*, 682 A.2d at 182; *Oubre*, 630 A.2d at 702. Where the agency's construction of the statute at issue adheres to that standard, the agency's decision will be upheld even if petitioner asserts another reasonable interpretation of the statute. *Smith v. District of Columbia Dep't of Emp't Servs.*, 548 A.2d 95, 97 (D.C. 1988); *MCM Parking Co. v. District of Columbia Dep't of Emp't Servs.*, 510 A.2d 1041, 1043-44 (D.C. 1986). However, this court will reject an agency decision that is founded on a "material misconception of the law." *Madison Hotel v. District of Columbia Dep't of Emp't Servs.*, 512 A.2d 303, 306 (D.C. 1986).

A plain reading of the Act reveals no requirement that Notices of Rent Increase be signed by any person, let alone licensed property managers, and Ms. Carpenter does not point us to any language that is ambiguous in this regard.

Therefore, we need not go any further in rejecting Ms. Carpenter's argument that the Act requires that Rent Increase Notices be signed by a licensed property manager. *See District of Columbia v. Gallagher*, 734 A.2d 1087, 1091 (D.C. 1999) ("When the plain meaning of the statutory language is unambiguous, the intent of the legislature is clear, and judicial inquiry need go no further.").

However, even were we to consider Ms. Carpenter's public policy argument, it is not compelling. The Act requires that the housing provider be licensed. *See* D.C. Code § 42-3502.08 (a)(1)(C). Further, the Act requires the housing provider to include the justification for the rent increase along with representations regarding the housing provider's compliance with other relevant housing regulations before the rent increase can take effect. *See id.* § 42-3502.08 (f); 14 DCMR § 4205.4 (b). Under those circumstances, we fail to see how the Commission's interpretation, that no personal signature is required on Notices of Rent Increase, is either unreasonable in light of prevailing law, inconsistent with the statute, or plainly erroneous. *See Smith*, 548 A.2d at 97 ("Where an administrative agency is delegated broad authority to administer a statutory scheme, . . . we defer to a reasonable construction of the statute made by the agency."). Indeed, "if a statute is susceptible of more than one interpretation, this court will defer to the interpretation given by the agency charged with

administering the statute, unless the agency's interpretation is unreasonable in light of the prevailing law, inconsistent with the statute, or plainly erroneous." *Thomas v. District of Columbia Dep't of Emp't Servs.*, 547 A.2d 1034, 1037-38 (D.C. 1988). Moreover, we fail to see how requiring a signature would afford tenants greater protection than the Act and its enforcing regulations already provide.

Because we have rejected Ms. Carpenter's contention that the signature of a licensed property manager is required on all Notices of Rent Increase, her argument that the Commission therefore ran afoul of our decision in *Sawyer Property Management of Maryland, Inc. v. District of Columbia Rental Housing Commission*, 877 A.2d 96 (D.C. 2005), by not requiring strict compliance with the Act must also be rejected.

Finally, to the extent that Ms. Carpenter is arguing that the trial court erred in admitting the 2007 Notice of Rent Increase filed by Markswright because the date stamp on the notice was unreadable, her argument is similarly without merit. In this case, the ALJ specifically found that the date stamped on the notice was readable and we do not disturb factual findings on appeal unless there is no evidence to support those findings. *See Cooper v. District of Columbia Dep't of Emp't Servs.*, 588 A.2d 1172, 1174 (D.C. 1991) ("Our review of cases . . . is

limited to whether the agency's findings are supported by substantial evidence in the record . . . ."); *see also Dell v. Department of Emp't Servs.*, 499 A.2d 102, 108 (D.C. 1985) ("The reviewing authority . . . is bound by the decision of the initial authority or tribunal . . . that follows from the latter's findings of fact, if those findings are supported by substantial evidence . . . ."). Here, the ALJ was presented with the actual date stamped Notice of Rent Increase filed in this case and, after examining it, the ALJ specifically found that the date stamped on the notice could be read. Thus any argument by Ms. Carpenter, that the notice should not have been admitted into evidence because the date stamp on the notice could not be read, is wholly without merit.

For the foregoing reasons, we affirm the Commission's decision.

*So ordered.*