Spencer W. SCOTT, Petitioner,

v.

**POLICE AND FIREMEN'S RETIRE-
MENT AND RELIEF BOARD,**
Respondent.

No. 80–1142.

District of Columbia Court of Appeals.

Argued Jan. 13, 1982.

Decided Feb. 25, 1982.*

* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment. The court granted respondent's motion for publication.

Margie A. Utley, Washington, D.C., for petitioner.

Philip T. Vanzile III, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, Washington, D.C., Charles L. Reischel, Deputy Corp. Counsel, and David P. Sutton, Asst. Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Before KELLY, KERN and MACK, Associate Judges.

PER CURIAM:

Petitioner was retired from the Metropolitan Police Department in March of 1973, following hearings before the Police and Firemen's Retirement and Relief Board (hereinafter "Retirement Board"). Petitioner's diagnosis at the time was "cervical and lumbar radiculitis." In February of 1979 the Board of Police and Fire Surgeons recommended that the Retirement Board reconsider its original decision. Accordingly, the Retirement Board conducted a hearing on this matter on January 31, 1980, and on September 24 issued a decision finding that petitioner was no longer disabled from performing useful service and that he had recovered from any prior radiculopathy. On appeal, petitioner contends that the Board committed several errors warranting reversal of this decision.

First, appellant focuses on the failure of the Retirement Board to continue the January 31 hearing in order to obtain and review the transcripts of the 1973 hearings and to secure the presence of the physician who presented the case for the Board of Police and Fire Surgeons at the prior hearing. The Retirement Board's Rules of Practice and Procedure provide that a continuance will not be granted unless the continuance is requested three days before the scheduled date and the Chairman is of the opinion that there is a good and sufficient cause for a continuance. 22 D.C. Register 5442 (Supp. I, April 9, 1976).

■ Assuming that petitioner's request for continuance was timely,[1] we find that the Chairman did not abuse his discretion in ruling that there was insufficient cause for the continuance. Petitioner argues that the testimony presented in the original retirement hearings and the current testimony of the original presenting physician were critical to a proceeding whose purpose was to determine whether there had been a significant change in petitioner's physical condition. We agree with the Retirement Board that the Board had sufficient evidence of the reason for petitioner's earlier retirement and that this additional evidence is not crucial to the issue of whether petitioner is *currently* disabled from radiculitis.

Appellant further argues that the Retirement Board's findings of fact do not comport with the District of Columbia Administrative Procedure Act. Section 1509(e) of that act sets forth the following requirements:

The findings of fact shall consist of a concise statement of the conclusions upon each contested issue of fact. Findings of fact and conclusions of law shall be supported by and in accordance with the reliable, probative, and substantial evidence. [D.C.Code 1978 Supp., § 1–1509(e).]

■ Contrary to appellant's argument, we find that the Board's findings of fact

<hr />

1. The record is unclear as to whether this motion was timely. The only reference to such a motion is in the hearing transcript at the begin- ning of the hearing. Counsel for petitioner there referred to certain prior discussions with the Chairman regarding a continuance.

and conclusions of law meet all three components of the substantial evidence requirement. *See Lee v. District of Columbia Zoning Commission*, D.C.App., 411 A.2d 635, 638 (1980). First, the findings address each material contested issue of fact.[2] Second, there is sufficient evidence to support the factual findings made. The Board is required to support its findings with more than a mere scintilla of rationally connected evidentiary support. *Kopff v. District of Columbia Alcoholic Beverage Control Board*, D.C.App., 381 A.2d 1372, 1387 (1977). The findings and record, which reveal the Board's review of the physicians' reports, demonstrate its fulfillment of this requirement. Finally, there is a rational connection between the findings and the decision reached. The findings of fact highlight opinions stated in the reports by Dr. Franks and Dr. Ammerman, as reviewed and explained by Dr. Mitchell; these findings fully support the determination that petitioner is no longer disabled with the same diagnosis as that made at the time of retirement.

■ We also find no merit in petitioner's contention that the findings are not concise statements. Although the Board's decision does in large part set forth a series of excerpts from the hearing testimony, the findings are sufficiently detailed and sufficiently clear so as to provide this court with the basic reasons for the conclusions reached. *See Wheeler v. District of Columbia Board of Zoning*, D.C.App., 395 A.2d 85, 88 (1978). We conclude that the Board has borne the burden of demonstrating with substantial evidence that petitioner has recovered. *See Kea v. Police and Firemen's Retirement and Relief Board*, D.C.App., 429 A.2d 174, 175 (1981).

■ Appellant's final contention of reversible error stems from the Retirement Board's denial of his petition for reconsideration on the basis of new medical evidence, the results of an electromyogram examination indicating that petitioner still suffers from radiculopathy. Because petitioner did not demonstrate that he could not with due diligence have discovered this evidence by the time of the hearing and, more importantly, because the Board did consider this new evidence in denying reconsideration, we are not persuaded that reversal is warranted on this ground.[3] If there is substantial evidence to support the Board's finding, the mere existence of substantial evidence to the contrary does not allow the reviewing court to substitute its judgment for that of the Board. *Spevak v. District of Columbia Alcoholic Beverage Control Board*, D.C.App., 407 A.2d 549 (1979).

*Affirmed.*

---

2. We note that detailed resolution of facts relating to the diagnosis at the time of retirement is not necessary to a resolution of the question of petitioner's current disability.

3. Petitioner also points out that, following the Retirement Board's denial of his petition for reconsideration, the Board of Surgeons recommended that he is still disabled. Such evidence

is not part of the record of the proceeding which is before us on review. Our review of an agency decision must be made "upon the *exclusive* record for decision before ... the agency." D.C.Code 1978 Supp., § 1–1510(a) (emphasis supplied). *See Dietrich v. District of Columbia Board of Zoning Adjustment*, D.C.App., 320 A.2d 282 (1974).