Kristine M. Rodrigues
RIFE, Petitioner,

v.

DISTRICT OF COLUMBIA POLICE AND FIREFIGHTERS' RETIREMENT AND RELIEF BOARD, Respondent.

No. 05–AA–848.

District of Columbia Court of Appeals.

Submitted Dec. 20, 2006.

Decided Feb. 5, 2007.[1]

K.L. Burchell was on the brief for petitioner.

Linda Singer, Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, and Donna M. Murasky, Deputy Solicitor General, Mary L. Wilson, Senior Assistant Attorney General, were on the brief for respondent.

Before FISHER, and BLACKBURNE–RIGSBY, Associate Judges, and NEBEKER, Senior Judge.

BLACKBURNE–RIGSBY, Associate Judge:

Petitioner Kristine M. Rodrigues Rife seeks review of a decision of the District of Columbia Police and Firefighters' Retirement and Relief Board ("the Board") denying her claim for a lump sum payment of a survivor annuity as a result of her husband's death.[2] The Board found that petitioner's husband, Sergeant Clifton Rife,

1. The decision in this case was originally released as a Memorandum Opinion and Judgment on February 5, 2007. Pursuant to D.C.App. R. 36(c), we grant respondent District of Columbia's motion to publish.

2. D.C.Code § 5–716(a) provides, in pertinent part:

Survivor benefits and annuities

(a) If any member: (1) dies in the performance of duty and the Mayor determines that: (A) the member's death was the sole and direct result of a personal injury sustained while performing such duty; (B) his death was not caused by his willful misconduct or by his intention to bring about his own death; and (C) intoxication of the member was not the proximate cause of his

death; and (2) is survived by a survivor, parent, or sibling, a lump-sum payment of $ 50,000 shall be made to his survivor if the survivor received more than one half of his support from such member, or if such member is not survived by any survivor (including a survivor who did not receive more than one half of his support from such member), to his parent or sibling if the parent or sibling received more than one half of his support from such member. If such member is survived by more than 1 survivor entitled to receive such payment, each such survivor shall be entitled to receive an equal share of such payment; or if such member leaves no survivor and more than 1 parent or sibling who is entitled to receive such payment, each such parent or

died while off-duty in the State of Maryland from a fatal gunshot as a victim of an attempted robbery, and not in the performance of duty. Discerning no legal error, we affirm.

In reviewing the decision of the Board, we will reverse only if its findings are unsupported by substantial evidence in the record. *See* D.C.Code § 2–510 (2001); *see also Burge v. District of Columbia Dep't of Employment Servs.*, 842 A.2d 661, 664–65 (D.C.2004) (this Court "will not disturb an agency decision if it rationally flows from the factual findings on which it is based and if those findings are supported by substantial evidence."); *Saah v. District of Columbia Bd. of Zoning Adjustment*, 433 A.2d 1114, 1116 (D.C.1981); *Children's Def. Fund v. District of Columbia Dep't of Employment Servs.*, 726 A.2d 1242, 1247 (D.C.1999); *Spevak v. District of Columbia Alcoholic Beverage Control Bd.*, 407 A.2d 549, 554 (D.C.1979). Therefore, we must affirm an agency's ruling unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *See Olson v. District of Columbia Dep't of Employment Servs.*, 736 A.2d 1032, 1037 (D.C.1999); *Teal v. District of Columbia Dep't of Employment Servs.*, 580 A.2d 647, 650 (D.C.1990).

In its Findings of Fact, the Board noted that the central issue was whether the general rule that members of the MPD are "held to be always on duty" applies when the officer is outside of his or her jurisdiction. *See* 6A DCMR § 200.4 (1988); *Bauldock v. Davco Food, Inc.*, 622 A.2d 28, 28 (D.C.1993). The Board concluded that because it was documented that Sergeant Rife "was off-duty in the State of Maryland at the time of the incident . . . he had

no authority to act as a police officer." Similarly, in *District of Columbia v. Coleman*, 667 A.2d 811, 818 (D.C.1995), upon which the Board relied, we held that the officer there was in Maryland at the time of the incident at issue and, therefore, "had no police powers." *See also Phelan v. City of Mt. Rainier*, 805 A.2d 930, 940 (D.C.2002) (appellant could not establish the elements of negligent supervision and retention of a Maryland police officer because his off-duty shooting occurred in the District of Columbia "where he had neither the authority to act as a police officer nor made any pretense at the critical time that he was acting pursuant to such authority.").

We conclude that the Board's interpretation of D.C.Code § 5–716(a) is in accordance with applicable law and its conclusion that petitioner is not entitled to a lump sum payment is supported by substantial evidence in the record.

*Affirmed.*

---

sibling shall be entitled to receive an equal share of such payment.