Buddy E. SMALLWOOD, Appellant,

v.

**DISTRICT OF COLUMBIA METROPOLITAN POLICE DEPARTMENT, Appellee. (CAP26–04).**

No. 07–CV–851.

District of Columbia Court of Appeals.

Argued Sept. 4, 2008.
Decided Sept. 18, 2008.

---

Marc L. Wilhite, for appellant.

Mary L. Wilson, Assistant Attorney General for the District of Columbia, with whom Peter J. Nickles, Interim Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, Donna M. Murasky, Deputy Solicitor General, and Pastell Vann, Senior Assistant Attorney General, were on the brief for appellee.

Before NEWMAN, PRYOR, and SCHWELB, Senior Judges.

PER CURIAM:

Sergeant Buddy Smallwood appeals from a Superior Court order affirming the Metropolitan Police Department's determination that minor injuries he incurred defending himself from an armed aggressor while off-duty in Maryland were not sustained in the performance of his duties as an MPD officer. We affirm.

## I.

Smallwood has been a Metropolitan Police Department (MPD) officer since 1964. One evening in January of 2004, when Smallwood was off duty, he stopped at a gas station in Prince Georges County, Maryland to purchase fuel for his personal vehicle. While at the gas station, Smallwood was approached by a man armed with a handgun who instructed him to "give it up." Smallwood distracted his aggressor by throwing his car keys on the

ground, removed his MPD-issued pistol, and identified himself as a police officer. The aggressor then pointed his gun at Smallwood and the two men exchanged gunfire. The would-be robber managed to escape the scene on foot even though he had been hit by two bullets. Smallwood suffered minor injuries in the confrontation as a bullet fragment ricocheted and struck his lower left leg, causing him to experience a painful burning sensation and swelling of his left shin. Smallwood received hospital treatment for his injuries and was placed on administrative leave by the MPD's Office of Professional Responsibility. After a day of administrative leave, Smallwood returned to active duty.

The day after the attempted robbery, Smallwood filed an injury report (known as a "PD 42") with the Police and Fire Clinic seeking to obtain worker's compensation benefits. The Director of the MPD's Medical Service Division (MCRO) classified Smallwood's PD42 as Non–Performance of Duty, meaning that he was ineligible for worker's compensation benefits. The MCRO found that Smallwood's injury "does not appear to be related to the member's performance of duty as a Metropolitan Police Officer." Smallwood appealed from the MCRO's decision, and following an evidentiary hearing, MPD Human Services affirmed the non-performance of duty classification. Next, Smallwood filed a petition for review with Superior Court and that court affirmed the MPD's ruling, finding that "there is substantial evidence to indicate that Smallwood was not operating in the course of performance of duty as an MPD officer" at the time he was injured. The instant appeal followed.[1]

## II.

 Smallwood argues that we must reverse the agency ruling because its determination that the injury he suffered did not take place in the performance of his MPD duties "is not supported by substantial evidence and is not in accordance with the law." Although the agency's decision was initially reviewed by Superior Court, "our scope of review is precisely the same as that which we employ in cases that initially come before this court." *Stokes v. District of Columbia,* 502 A.2d 1006, 1010 (D.C.1985). Thus, we "will not disturb the agency's decision if it flows rationally from the facts which are supported by substantial evidence in the record." *Oubre v. District of Columbia Dep't of Employment Servs.,* 630 A.2d 699, 702 (D.C.1993). "Substantial evidence is more than a mere scintilla; [i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Berkley v. D.C. Transit, Inc.,* 950 A.2d 749, 759 (D.C. 2008) (internal citation and quotation marks omitted). An agency's legal conclusions "must be sustained unless they are '[a]rbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Rodriguez v. Filene's Basement Inc.,* 905 A.2d 177, 181 (D.C.2006) (quoting D.C.Code § 2–510(a)(3)(A) (2001)).

 The Police and Firefighter's Retirement and Disability Act, D.C.Code § 5–701 *et seq.* (2001), "is the exclusive remedy for MPD officers who are injured in the performance-of-duty." *Franchak v. District of Columbia Metro. Police Dep't,* 932 A.2d 1086, 1091 (D.C.2007). *See also Vargo v. Barry,* 667 A.2d 98, 101 (1995) (explaining that the Retirement and Disability Act "was commonly understood to

---

1. The District of Columbia asserts that Smallwood has no standing to pursue this appeal, arguing that he was not injured as he "was merely placed on administrative leave for three days." Nonetheless, we consider the merits of Smallwood's appeal.

serve a purpose similar to that of a workers' compensation statute"). We have approved an agency interpretation of the Retirement Act that "an officer claiming compensation for an on-duty injury must first make a showing of an injury 'incurred in the performance of duty.'" *Franchak, supra,* 932 A.2d at 1091. In addition, "[s]ick leave may not be charged to the account of a uniformed member of the Metropolitan Police Department ... for an absence due to injury or illness resulting from the performance of duty." D.C.Code § 1–612.03(j) (2001).

In general, members of the Metropolitan Police Department "shall be held to be always on duty" and "the fact that they may be technically off duty shall not be held as relieving them from the responsibility of taking proper police action in any matter coming to their attention requiring that action." 6A DCMR § 200.4 (2008). *See also District of Columbia v. Coleman,* 667 A.2d 811, 818 n. 11 (D.C.1995) (explaining that police officers "are required to take police action when crimes are committed in their presence"). However, we are guided by our decision in *Rife v. District of Columbia Police and Firefighters' Ret. and Relief Bd.,* 940 A.2d 964 (D.C.2007). In that case, the wife of an MPD officer who was killed during an attempted robbery while off duty in Maryland challenged the Board's determination that she was not eligible for a survivor annuity [2] because her husband was not killed in the performance of duty. *Id.* at 964–65. This court affirmed, holding that the Board's interpretation of the statute was in accordance with the law and that its determination that Rife was not eligible for an annuity was supported by substantial evidence. *Id.* at 965. The Board found that Sergeant Rife did not die in the performance

of duty because he was killed in an attempted robbery that took place when he "was off-duty in the State of Maryland" and at a time "when he had no authority to act as a police officer." *Id.*

Smallwood's arguments attempt to distinguish his situation from that of Sergeant Rife. Like Rife, Sergeant Smallwood was not engaged in the performance of his MPD duties in Maryland when he was accosted by an armed assailant. However, Smallwood contends that he had the authority to take police action in Maryland because he is required by statute to make an arrest "for an offense against the laws of the United States committed in his presence[,]" D.C.Code § 5–115.03, and also because he is a Special Deputy U.S. Marshal. His argument that D.C.Code § 5–115.03 (2001) provided him with the authority to act as a police officer in Maryland is contrary to existing precedent. This court has held that an on-duty MPD detective has no police powers in Maryland. *Coleman, supra,* 667 A.2d at 818 n. 11 (stating that the detective "was in Maryland and therefore had no police powers at the time of the incident.") Although Smallwood testified that he was "sworn in as a United States Marshal in a cross-jurisdictional program with Prince Georges County," the MCRO found that Smallwood did not ever receive identification as a U.S. Marshal and that "the program was never implemented, and [its] guidelines were never established by the Metropolitan Police Department." Lastly, appellant also represents he was, at the time of the incident, deputized to assist the Prince George's County Police Department.

Even taking these affiliations into account, we reiterate our conclusion reached in *Rife* that appellant, when accosted in Maryland, did not suffer injuries as a

---

**2.** Under D.C.Code § 5–716(a) (2001), a survivor may be eligible for a lump sum annuity if their spouse "dies in the performance of duty" and certain other conditions are met.

member of the Metropolitan Police Department while in the performance of duty as a police officer. That is the crux of the case and we thus conclude the agency's ruling denying compensation was not arbitrary. Accordingly, the decision is affirmed.

*So ordered.*